# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

  v.                                       **Case No. 98-CR-104**

**WILFREDO VASQUEZ,**
        **Defendant.**

## DECISION AND ORDER

I sentenced defendant Wilfredo Vaquez to life in prison, a $2500 fine and $4141.76 restitution. I did not set a specific schedule for payment of defendant's financial obligations but rather indicated that he was to participate in the Inmate Financial Responsibility Program. Defendant now moves the court to set a specific payment schedule, arguing that payment via the Inmate Financial Responsibility Program constitutes an impermissible delegation of authority to the Bureau of Prisons.

The Seventh Circuit recently clarified the law in this area, holding "that a judgment of conviction need not contain a schedule of restitution payments to be made during incarceration." United States v. Sawyer, Nos. 06-1275, 06-1614, 06-4030, 2008 WL 942653, at *2 (7th Cir. Apr. 9, 2008). The Sawyer court explained that:

> leaving payment during imprisonment to the Inmate Financial Responsibility Program is not an error at all, let alone a plain error. The statute requires the judge to set a schedule if the defendant cannot pay in full at once, see 18 U.S.C. § 3664(f)(2), but it does not say when the schedule must begin. We hold today that it need not, and as a rule should not, begin until after the defendant's release from prison. Payments until release should be handled through the Inmate Financial Responsibility Program rather than the court's auspices.

Id. at *3. Similarly, the Seventh Circuit recently confirmed that the district court need not set a schedule of fine payments while the defendant is incarcerated. United States v. Ellis,

No. 05-4677, 2008 WL 879861, at *2 (7th Cir. Apr. 3, 2008) (citing McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999)). The Ellis court explained that:

> criminal fines are discretionary, and sentencing courts must consider ability to pay when determining whether to impose any fine at all. Perhaps because its process requires this threshold determination, the fine statute contains no requirement that the sentencing court establish any manner of payment, but rather makes all fines due immediately absent a court order to the contrary. That is, it permits but does not require the district court to set an alternative payment schedule.

Id. at *3 (internal citations omitted).

Thus, under Sawyer and Ellis, there was no error in failing to set a specific schedule of payments during defendant's incarceration.[1] Nor would be it be appropriate, under the logic of these cases, to set one now. The Bureau of Prisons is in a better position to determine defendant's ability to pay. If he is dissatisfied with the Bureau's decisions, defendant may appeal internally, see 28 C.F.R. § 545.11(d), or seek judicial review of the Bureau's final decision under the Administrative Procedure Act, see 5 U.S.C. § 702. Sawyer, 2008 WL 942653, at *2.

**THEREFORE, IT IS ORDERED** that defendant's motion to set a payment schedule (R. 2453) is **DENIED**. Defendant's motion for prompt disposition (R. 2454) is denied as moot.

Dated at Milwaukee, Wisconsin this 10th day of April, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[1] Defendant relies on United States v. Gunning, 401 F.3d 1145 (9th Cir. 2005), but the Seventh Circuit rejected the Gunning approach in Sawyer, 2008 WL 942653, at *2. The Sawyer court also overruled United States v. Pandiello, 184 F.3d 682 (7th Cir. 1999), upon which defendant also relies. 2008 WL 942653, at *6.